Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FREDERICK ROBINSON**, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> **INSURANCE LINE ONE, LLC**; and DOES 1 through 10, inclusive, <br><br> Defendant(s). | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, FREDERICK ROBINSON ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

**NATURE OF THE CASE**

1.   Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting

from the illegal actions of INSURANCE LINE ONE LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's home telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1331* because this matter arises out of an issue of federal law, in particular the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq..

3. Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Plaintiff resides within this District.

## PARTIES

4. Plaintiff, FREDERICK ROBINSON ("Plaintiff"), is a natural person residing in Lancaster, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Defendant, INSURANCE LINE ONE LLC ("Defendant" or "DEFENDANT"), is an insurance telemarketing company and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendant." The true names and capacities of the Defendants sued herein as DOE DEFENDANT 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendant when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. Beginning in or around July, 2018, Defendant contacted Plaintiff on his home telephone ending in -6241, in an effort to solicit its insurance services. Defendant often called from telephone numbers including, but not limited to, (661) 403-5448.

9. Plaintiff's telephone number ending in -6241 has been registered on the National Do-Not-Call List since 2008.

10. Despite this, Defendant continued to call Plaintiff in an attempt to solicit its services and in violation of the Do-Not-Call provisions of the TCPA thus repeatedly violating Plaintiff's privacy.

11. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

12. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

13. Additionally, based off the pattern and content of the calls, Plaintiff alleges that Defendant did not have in place procedures for not calling individuals on the national do-not-call registry for telemarketing purposes in violation of *47 U.S.C. § 227(c)*, which incorporates the provisions of *47 C.F.R. 64.1200(d)*.

14. Through this action, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the

TCPA.

15. Defendant's calls forced Plaintiff and class members to live without the utility of their phones by forcing Plaintiff and class members to silence their phones and/or block incoming numbers.

## CLASS ALLEGATIONS

16. Plaintiff represents, and is a member of, the Class ("the Class"), consisting of:

> All persons within the United States whose telephone numbers were listed on the National Do-Not-Call Registry, but who received calls by or on behalf of Defendant for the purpose of promoting the sale of Defendant' products or services within the four years prior to the filing of this Complaint

17. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

18. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and Class members via their telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

19. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary

between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether Defendant failed to maintain adequate procedures to comply with the National Do-Not-Call Registry and placed calls to individuals registered on the National Do-Not-Call Registry for whom they had no prior business relationship;

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

20. As a person that received numerous telemarketing/solicitation calls from Defendant in violation of the Do-Not-Call Provisions of the TCPA, Plaintiff is asserting claims that are typical of The Class.

21. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

22. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the

court system, and protects the rights of each Class member.

23. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

24. Defendant have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

*Individually and on behalf of the Class*

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c).*

27. As a result of Defendant's negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5).*

28. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

*Individually and on behalf of the Class*

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*.

31. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

32. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## **THIRD CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(c)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

## **FOURTH CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendant's willful and/or knowing violations of *47

*U.S.C. §227(c)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.

- Any and all other relief that the Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

Respectfully Submitted this 3rd Day of September, 2019.

        LAW OFFICES OF TODD M. FRIEDMAN, P.C.
        By:  /s Todd M. Friedman
             Todd M. Friedman
             Law Offices of Todd M. Friedman
             Attorney for Plaintiff